IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON CUBIC, | ) | CASE NO. 1:12 CV 1472 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN OF MARION | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    Background facts, plea and sentence . . . . . . . . . . . . . . . . . . . . . -3-
    B.    Appeal, dismissal, and motion to withdraw plea . . . . . . . . . . . . . . . . . . . -5-
    C.    Motion to withdraw the plea, resentencing, and appeals . . . . . . . . . . . . -6-
    D.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
        1.    Grounds asserted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
        2.    The State's arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
        3.    Cubic's traverse and motion for summary judgment . . . . . . . . . -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
        1.    Guilty plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
        2.    Procedural default/res judicata . . . . . . . . . . . . . . . . . . . . . . . -14-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
        1.    Grounds one, two, and three . . . . . . . . . . . . . . . . . . . . . . . . . -16-
        2.    Ground four . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

## Introduction

Before me by referral[1] is the *pro se* petition of Jason A. Cubic for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Cubic is currently incarcerated by the State of Ohio at the Marion Correctional Institution where serves an aggregate term of six years imprisonment, with an additional five years of post-release control.[3] The Medina County Court of Common Pleas imposed that sentence at a 2010 re-sentencing based on Cubic's 2008 plea of no contest to three charges related to the manufacture, possession, and sale of methamphetamine.[4]

Cubic's petition raises four grounds for relief.[5] The State, in representing the Warden, has filed a return of the writ,[6] along with the state court record.[7] As more fully developed below, the State asserts that three of the four grounds raised in Cubic's petition should be dismissed as waived by his guilty plea.[8] The State urges dismissal of the final ground as procedurally defaulted for failure to present it in any Ohio court.[9] The State further raises

---

[1] ECF # 3.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

[5] *Id.* at 6-11.

[6] ECF # 7.

[7] ECF # 8.

[8] ECF # 7 at 18-19.

[9] *Id.* at 24-26.

alternative reasons for dismissal or denial.[10] Cubic has filed a traverse[11] and a motion for summary judgment on his petition,[12] to which the State has not responded.

For the reasons that follow, I will recommend dismissing Cubic's entire petition because he waived the first three grounds by his guilty plea and procedurally defaulted on the fourth ground. I will also recommend that if the petition is dismissed, the motion for summary judgment be denied as moot.

## Facts

### A.    Background facts, plea and sentence

The background facts in this matter were found by the Ohio appeals court to be as follows:[13]

> Jason A. Cubic was arrested after police executed a search warrant at 1829 Rocklyn Drive, Brunswick, Ohio. In April 2007, Police received an anonymous tip that Cubic and his bothers were operating a methamphetamine lab in a garage at their residence in Brunswick. In response to the tip, members of the Medina County Drug Taskforce placed the Rocklyn Drive residence under surveillance in December 2007. The officers observed several vehicles arriving at the residence, then departing after a short time. Agent John Stayrook conducted two "trash pull[s]" at the residence. On both occasions, he found "green/brown vegetable matter" that field tested positive for the presence of marijuana, as well as mail addressed to 1829 Rocklyn Drive. In the

---

[10] *Id.* at 19-24.

[11] ECF # 11.

[12] ECF # 12.

[13] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

second trash pull he also found burnt foil, clear plastic bags, and a broken smoking device containing residue.

On February 7, 2008, Agent Stayrook and Agent Jennifer Smith conducted an audit of the Ohio Pseudoephedrine Transaction Log at several pharmacies located in Brunswick and Hinckley, Ohio. They searched for the last name Cubic and the address of 1829 Rocklyn Drive. They discovered: "From October 9, 2006 to January 30, 2008, [the Cubic brothers] purchased 4,436 pills containing Pseudoephedrine and three boxes containing an unknown amount of pills containing Pseudoephedrine from Discount Drug Mart and Walgreens."

Agent Stayrook requested and received a warrant authorizing a night-time search to protect agent safety and to minimize the destruction of evidence. He requested and received authority to search people and vehicles found on the property. The warrant also authorized police to locate and seize any marijuana, cocaine, or any other controlled substance or contraband, drug processing paraphernalia, weapons, or drug trafficking records. Upon executing the search warrant, officers reportedly found evidence tending to show that methamphetamine was being produced in one of the garages at the Rocklyn Drive residence. During this time, Cubic had control over the garage and many children, including Cubic's, were present in the home.

On February 21, 2008, Cubic was indicted by the Medina County Grand Jury on one count of illegal manufacture of drugs in the vicinity of a school in violation of R.C. 2925.04(a)(C), a felony of the first degree, and one count of illegal assembly/possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the third degree. On March 10, 2008, he entered a plea of not guilty. A supplemental indictment was filed on March 19, 2008, and Cubic was indicted on one count of possession of methamphetamine in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree. On April 7, 2008, he entered a plea of not guilty to that count.

Cubic filed a motion to suppress on May 8, 2008. The trial court denied the motion on July 22, 2008. On October 20, 2008, he entered a plea of no contest to all counts. On January 22, 2009, Cubic was sentenced to four years of incarceration on count one, two years of incarceration on count two, and two years of incarceration on count three. Counts two and three were ordered to

-4-

run concurrently with each other, and consecutively with count one, for a total of six years of incarceration.[14]

**B.     Appeal, dismissal, and motion to withdraw plea**

Cubic, through new counsel,[15] timely appealed,[16] raising three assignments of error:

**First Assignment of Error:** THE TRIAL COURT ERRED BY DENYING THE MOTION TO SUPPESS [SIC] EVIDENCE OBTAINED BY A SEARCH WARRANT IN THAT THE WARRANT DID NOT ESTABLISH PROBABLE CAUSE AND WAS OVERLY BROAD IN SCOPE.

**Second Assignment of Error:** THE TRIAL COURT ERRED BY MAKING FINDINGS OF FACT OF EVIDENCE IN CONTROVERSY, WITHOUT A HEARING.

**Third Assignment of Error:** THE TRIAL COURT ERRED BY REFERENCING THE TRIAL OF A CO-DEFENDANT AT SENTENCING, WHEN THE APPELLANT OPTED TO PLEAD GUILTY TO THE INDICTMENT.[17]

---

[14] ECF # 8 (state court record) at 458-60. I observe that the Ohio appeals court opinion attached to the record here as Exhibit 1 (pages 1-5) is actually the opinion arising out of the appeal by Cubic's brother, Phillip Cubic, in a related, but separate, case. Notwithstanding, the correct appeals opinion concerning this case is present later in the record.

[15] *See*, ECF # 7 at 5-6 (citing record). Ronald Spears represented Cubic at the time the no contest plea was entered; David Gedrock was appointed by the trial court to represent him on appeal.

[16] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Cubic's conviction was final when he was sentenced on January 22, 2009 (and journalized January 30, 2009). The notice of appeal was filed on February 20, 2009. *See*, ECF # 7 at 6 (citing record).

[17] ECF # 8 at 87.

After the State filed a brief in response,[18] the Ohio appeals court dismissed the appeal without adjudicating any of the claimed assignments of error for want of jurisdiction because of the incompleteness of the original sentencing entry.[19] The appellate court remanded the matter for resentencing and permitted Cubic's court-appointed appellate attorney to withdraw.[20] Cubic took no appeal from this decision.[21]

## C.     Motion to withdraw the plea, resentencing, and appeals

Upon returning to the trial court following the dismissal of his appeal, but before resentencing, Cubic, *pro se*, moved to withdraw his plea[22] and to receive an evidentiary hearing on the motion to withdraw the plea.[23] As the Ohio appellate court noted, the trial court then conducted a hearing on the motion to withdraw the plea and denied the motion.[24] Thereafter, the court reimposed the original sentence of six-years incarceration and notified Cubic of a mandatory five-year period of post-release control.[25]

---

[18] *Id.* at 139-84.

[19] *Id.* at 185-87.

[20] *Id.*

[21] *See*, ECF # 7 at 7.

[22] ECF # 8 at 188-90.

[23] *Id.* at 191-98.

[24] *Id.* at 460.

[25] *Id.*

Through counsel, Cubic then timely filed a notice of appeal.[26] But, at the time he filed the transcript of the trial court proceedings, Cubic notified the appeals court of his intent to proceed *pro se* with the appeal and to terminate the relationship with his appointed counsel.[27] Upon receiving the approval of the appellate court, [28] Cubic, *pro se*, thereupon filed a brief raising a single assignment of error:

> ASSIGNMENT OF ERROR I: TRIAL COURT KNOWINGLY, DELIBERATELY, ERRED TO THE PREJUDICE OF APPELLANT'S 4TH, 8TH, 14TH U.S. CONSTITUTIONAL RIGHT'S [SIC] BY PROCEEDING TO SENTENCE APPELLANT AFTER BEING PLACED "ON NOTICE" THAT A GROSS MISCARRIAGE OF JUSTICE HAS OCCURRED; SEARCH WARRANT AFFIDAVIT, ARREST WARRANT COMPLAINT ARE BOTH DEFECTIVE. LACKING A WRITTEN INDEPENDENT DETERMINATION OF FINDINGS OF PROBABLE CAUSE BY A NEUTRAL, DETACHED MAGISTRATE. IN WRITING ON THE FACE OF THE AFFIDAVIT, OR ON THE FACE OF THE COMPLAINT. LEAVING THE STATE OF OHIO WITHOUT JURISDICTION, RENDERING ALL PROCEDURES CONDUCTED VOID AB INITIO."[29]

---

[26] Cubic was resentenced on June 28, 2010, and the notice of appeal was filed on July 28, 2010. (ECF # 8 at 460, 374).

[27] *See*, *id.* at 377.

[28] *Id.*

[29] *Id.* at 383.

The State filed a brief in response,[30] to which Cubic filed a *pro se* reply.[31] On September 30, 2011, the Ohio appeals court thereupon overruled Cubic's single assignment of error and affirmed the decision of the trial court.[32]

Cubic, *pro se*, timely filed a notice of appeal with the Supreme Court of Ohio.[33] In the *pro se* jurisdictional memorandum, Cubic asserted the following two propositions of law:

> Proposition of Law No 1: Lacking an independent determination Of a findings for probable cause by a neutral detached magistrate Renders a search warrant affidavit or arrest warrant complaint Defective.
>
> Preposition [sic] of Law No. 2: The filing of the affidavit is a prerequisite To the issuing of a warrant and without the filing of a proper affidavit No jurisdiction acquired.[34]

The State filed a brief in response, and on February 1, 2012, the Supreme Court of Ohio denied leave to appeal, dismissing Cubic's appeal as not involving any substantial constitutional question.[35] Subsequent to that decision, Cubic did not seek a writ of certiorari from the Supreme Court of the United States.[36]

---

[30] *Id.* at 424-48.

[31] *Id.* at 449-57.

[32] *Id.* at 458-63.

[33] *Id.* at 464-65. The decision of the appeals court was entered on September 30, 2011, and the notice of appeal with the Ohio Supreme Court was filed November 7, 2011. *See*, ECF # 7 at 10 (citing record).

[34] ECF # 8 at 469.

[35] *Id.* at 504.

[36] *See*, ECF # 7 at 10.

**D.     Federal habeas petition**

*1.     Grounds asserted*

Less than six months after the decision of the Supreme Court of Ohio,[37] Cubic, *pro se*, filed the present petition for federal habeas relief asserting the following four grounds for relief:

> **Ground One:** Search warrant not issued upon probable cause.
> **Supporting Facts:** "the search warrant used to secure the evidence that ultimately led to a 3 ct. indictment and subsequent conviction was void AB INITIO because it's supporting affidavit failed to be properly completed in form by the issuing authority. said affidavit did not show that the issuing authority had made his own written independent determination that based upon the facts that were set forth within the 4 corners of the affidavit that he the justice, independently found probable cause to issue process. Without this probable cause determination by the issuing authority written on the face of the affidavit ultimately had rendered the search warrant and supporting affidavit fately [sic] defective and all procedures conducted void and illegal. Any evidence obtained is defective, the search warrant falls, all 3 counts of the indictment then fall, rendering the subsequent conviction null and void."

> **Ground Two:** Arrest warrant not issued upon probable cause.
> **Supporting Facts:** "The arrest warrant used to arrest petitioner immediately after the completion of the search & seizure was also void AB INITIO because it's supporting complaint also failed to be properly completed in form by the issuing authority. said complaint did not show that the issuing authority made its own written independant [sic] determination that based upon the facts that were set forth with in the 4 corners of the complaint that he, the Justice, independantly [sic] found probable cause to issue process. without this probable cause the determination by the issuing authority written on the face of the complaint ultimately had rendered the arrest warrant and underlying complaint fately [sic] defective and all procedures conducted void and illegal, including false imprisonment, restraints on liberties and due process."

---

[37] Cubic filed the present petition on June 9, 2012, by placing it into the prison mail system. ECF # 1 at 16.

**Ground Three:** The state from the beginning failed to properly invoke jurisdiction to search my room.
**Supporting Facts:** "Because a proper affidavit was never filed in any court, which is a prerequisite to the aquiring [sic] of jurisdiction over the subject matter of the action. The search was illegal, and all evidence should have been suppressed."

**Ground Four:** Denied right to effective assistance of counsel.
**Supporting Facts:** "Because, Both trial and Appellate counsel failed to assist me, (Even after repeated attempts) to raise my claims, which I now present, which had such claims ben submitted and / or raised for fair review could very well rendered a favorable outcome."[38]

## 2. *The State's arguments*

As noted above, the State argues that Cubic's valid guilty plea bars the first three grounds for relief because a valid plea of guilty[39] waives the petitioner's constitutional right to make a collateral attack on his conviction through a federal habeas action, including an attack based on alleged constitutional violations that may have preceded the plea.[40] Because Cubic does not argue here – nor did he argue in the Ohio courts – that his plea was not entered voluntarily and intelligently, the State contends that the first three grounds for relief should now be deemed as waived by Cubic's plea and so dismissed.[41]

Moreover, as to ground four, which claims that trial and appellate counsel were ineffective, the State submits that Cubic's failure to assert ineffective counsel to any Ohio

---

[38] *Id.* at 5, 7, 8, and 10.

[39] Cubic's no contest plea is equivalent to a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 35 (1970); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982).

[40] *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

[41] ECF # 7 at 18-19.

-10-

court raises the bar of *res judicata*.[42] And because the federal courts of the Circuit consider Ohio's *res judicata* rule to be an adequate and independent basis for foreclosing federal habeas review,[43] the State argues that Cubic procedurally defaulted on ground four.[44]

### 3.    *Cubic's traverse and motion for summary judgment*

For his part, Cubic in his traverse does not directly deal with the State's arguments for dismissal. Rather, Cubic focuses on his belief that he "has been unable to get the prior courts to listen to me," and so undertakes to re-argue his issues by citing to "various letters to counsel, the Judges, exhibits, and various filings from trial court," as well as "[s]everal hundred pages of transcript" that are "included for this Courts [sic] viewing (if your [sic] interested)."[45] To that end, he bases his request for "an [sic] hearing for summary judgment" on purported violations in the pre-trial search warrant process that Cubic complains he placed before the Ohio courts, but to which they "have kept a close [sic] eye or blind eye."[46]

---

[42] *Id.* at 24-26.

[43] *Id.* at 25 (citing *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)).

[44] *Id.* at 26.

[45] ECF # 11 at 2.

[46] ECF # 12 at 3.

# Analysis

**A.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Cubic is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Cubic meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[47]

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[48]

3.      In addition, Cubic states,[49] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.

4.      Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[50]

5.      Finally, Cubic has not requested the appointment of counsel,[51] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[52]

---

[47] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[48] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[49] ECF # 1 at 11.

[50] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[51] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[52] 28 U.S.C. § 2254(e)(2).

**B.    Standards of review**

*1.    Guilty plea*

A guilty plea amounts to more than a confession admitting that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.[53] As such, a plea waives the right to trial before a judge or jury and, therefore, must be made voluntarily and intelligently,[54] as determined under the totality of the circumstances.[55] The Constitution requires that the totality of the circumstances reflect that the defendant is informed of the direct consequences of the plea.[56] Moreover, a valid plea must be a voluntary and intelligent choice among the alternative courses of action open to the defendant.[57]

In a habeas proceeding, the State bears the burden of showing that the petitioner made a valid plea and usually does so by producing a transcript of the plea hearing.[58] Although no exact recital of waived rights is required, the record should reflect a full understanding of the direct consequences of the plea, so that it is clear that the plea represents a voluntary and

---

[53] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[54] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

[55] *Brady v. United States*, 397 U.S. 742, 749 (1970).

[56] *Id*. at 755.

[57] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[58] *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

-13-

intelligent choice among the alternatives.[59] The court will not presume a valid waiver from a silent record.[60]

Because a valid plea constitutes a solemn declaration of guilt by the defendant, it carries a presumption of truthfulness.[61] In addition, having entered a valid plea, the defendant may not then challenge antecedent non-jurisdictional defects in the proceedings.[62] As the Supreme Court teaches, this is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."[63] Thus, as the Sixth Circuit has recently reaffirmed, "after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself."[64]

## 2.    *Procedural default/res judicata*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[65]

---

[59] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

[60] *Boykin*, 395 U.S. at 243.

[61] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[62] *Henderson*, 411 U.S. at 266-67.

[63] *Id*. at 267.

[64] *Werth v. Bell*, 692 F.3d 486, 495 (2012).

[65] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

-14-

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[66]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[67]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[68] In addition, a showing of actual innocence may also excuse a procedural default.[69]

---

[66] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[67] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[68] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[69] *Id*.

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[70] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[71] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[72]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[73] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[74]

## C.    Application of standards

### 1.    Grounds one, two, and three

Cubic waived his first three grounds for habeas relief by his entering a guilty plea. Cubic has not argued the invalidity of his plea for any reason, and so that plea precludes him

---

[70] *Id.* at 753.

[71] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[72] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[73] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[74] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

from arguing that the search warrant and arrest warrant in his case lacked probable cause (grounds one and two), or that there was no jurisdiction for the search of his room (ground three). Claims arising from alleged constitutional violations that preceded the plea are waived by entering the plea.[75]

Therefore, Cubic's first three grounds for habeas relief should be deemed as waived by a valid guilty plea.

**2.      *Ground four***

Similarly, when an Ohio litigant does not raise an argument at the first opportunity to do so, Ohio courts will deem that argument as barred by *res judicata*. Further, federal courts accept Ohio's *res judicata* rule as an adequate and independent basis on which to deny federal review of a habeas claim because of procedural default.

Cubic has not responded to the State's clear exposition of this position by asserting any basis for excusing the procedural default. Indeed, as the State explains, Cubic, who has demonstrated an obvious comfort with proceeding as a *pro se* litigant in the Ohio courts,[76] failed to raise an argument of ineffectiveness of trial counsel when he asserted assignments of error as to the allegedly unsupported warrants to the appeals court.[77] Similarly, Cubic did

---

[75] *U.S. v. McCormick*, No. 3:08 CR 256, 2011 WL 4696781, at *2 (N.D. Ohio Oct. 5, 2011).

[76] In that regard I note that Cubic dismissed the attorney in his appeal from resentencing immediately after the notice of appeal was filed so as to file the brief *pro se*.

[77] ECF # 7 at 25.

not raise any issue of ineffective appellate counsel in either an Ohio Appellate Rule 26(B) motion to reopen appeal or on direct appeal to the Supreme Court.[78]

Thus, with no reason to excuse his failure to raise the ineffective assistance arguments to an Ohio court in a timely fashion, ground four is procedurally defaulted and so should be dismissed.

## Conclusion

For the reasons stated above, I recommend that the *pro se* petition of Jason A. Cubic for a writ of habeas corpus should be dismissed in its entirety with prejudice. Further, if the petition is dismissed, I further recommend that Cubic's motion for a hearing on summary judgment[79] be denied as moot.

Dated: February 26, 2014                         s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[80]

---

[78] *Id.* at 25-26.

[79] ECF # 12.

[80] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).