**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JASON CUBIC, ) | CASE NO. 1:12CV1472 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| WARDEN OF MARION ) | MEMORANDUM OF OPINION |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Jason Cubic's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted on February 21, 2008, by a Medina County Grand Jury for one count of Illegal Manufacturing of Drugs In the Vicinity of a School, and one count of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs (Methamphetamine). Thereafter, on March 19, 2008, a Supplemental Indictment was filed adding Count 3, Possession of Drugs (Methamphetamine). On October 24, 2008, Petitioner withdrew his plea of not guilty and entered a no-contest plea to the three-count Indictment. On January 22, 2009, Petitioner was sentenced to six years incarceration.

Petitioner filed a Notice of Appeal on February 20, 2009 in the Ninth District Court of Appeals of Ohio. On October 19, 2009, the Court of Appeals dismissed the Appeal, concluding that it was without jurisdiction to consider the appeal because the original sentence entry was incomplete as it lacked the imposition of mandatory Post-Release Control. The original sentencing entry was vacated and the Court of Appeals remanded the matter for re-sentencing. On June 28, 2010, Petitioner was re-sentenced to the same six year term, plus the imposition of a mandatory five year term of Post-Release Control.

On July 22, 2010, Petitioner filed a Notice of Appeal from the June 28, 2010 re-sentencing. On September 30, 2011, the Court of Appeals affirmed the trial court judgment. On November 7, 2011, Petitioner filed a Notice of Appeal in the Ohio Supreme Court. On February 1, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the Appeal as not involving any substantial constitutional question.

Petitioner filed the instant Petition on June 11, 2012, asserting the following grounds for relief:

**GROUND ONE:** Search warrant not issued upon probable cause.

**GROUND TWO:** Arrest warrant not issued upon probable cause.

2

**GROUND THREE:** The state from the beginning failed to properly invoke jurisdiction to search my room.

**GROUND FOUR:** Denied right to effective assistance of counsel.

On September 28, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on February 26, 2014. On March 10, 2014, Petitioner filed Objection to Magistrate Judge William H. Baughman Recommendation. Petitioner's only stated objection is that a no-contest plea can not be used as an admission of guilt.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules

3

Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent asserts that Grounds One, Two and Three should be dismissed as waived by Petitioner's guilty plea. Although Petitioner argues that a no-contest plea is not an admission of guilt, he was instructed by the trial court that a plea of no-contest is an admission of the truth of the facts, and is treated the same as if Petitioner plead guilty. The court fully explained the rights Petitioner was giving up when pleading no-contest, the same as if he were pleading guilty. The Magistrate Judge correctly points out that Petitioner's no contest plea is equivalent to a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 35 (1970); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982). Grounds One, Two and Three do not challenge the validity of the change in plea, only the issuance and sufficiency of the search warrant and arrest complaint, the very rights that Petitioner waived when pleading guilty.

A prisoner who has entered a guilty plea at trial and who later attempts to attack his judgment of conviction collaterally through a federal habeas corpus action is limited to raising only the issue of whether his guilty plea was knowing and voluntary. *United States v. Broce*, 488 U.S. 563 (1989); *Tollett v. Henderson*, 441 U.S. 258 (1973); *Brady v. United States*, 397 U.S. 742 (1970); see also *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986). A plea of guilty which is voluntarily and intelligently made satisfies the requirements of the Due Process Clause of the Fourteenth Amendment to the United

4

States Constitution, and such a plea serves as a valid waiver of a defendant's constitutional rights, including claims of constitutional violations that preceded the guilty plea. *Brady, supra; Boykin v. Alabama*, 395 U.S. 238 (1967).

Petitioner has not challenged that his plea was knowingly and voluntarily made. Petitioner cannot now challenge alleged constitutional violations. Therefore, the Court finds that Grounds One, Two and Three are dismissed as waived by Petitioner's guilty plea.

In Ground Four, Petitioner contends that he was provided ineffective assistance of counsel. The Magistrate Judge correctly concluded that when an Ohio litigant does not raise an argument at the first opportunity to do so, Ohio courts will deem that argument as barred by *res judicata*. Further, federal courts accept Ohio's *res judicata* rule as an adequate and independent basis on which to deny federal review of a habeas claim because of procedural default. Petitioner did not raise this argument in the Court of Appeals in a Rule 26(B) motion or to the Ohio Supreme Court. Petitioner has not provided any reason for his procedural default, nor has he objected to the Magistrate Judge's conclusion that Ground Four is procedurally defaulted. Therefore, the Court finds Ground Four is dismissed.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner's Motion for Summary Judgment is denied as moot.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

   IT IS SO ORDERED.

Date:3/26/2014        s/Christopher A. Boyko
              CHRISTOPHER A. BOYKO
              United States District Judge